IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STATE FARM FIRE AND CASUALTY CO.                                         PLAINTIFF

VS.                                            CIVIL ACTION NO. 2:05-cv-2026-KS-JMR

QUORDINIALL LAVELL PITTMAN,
JERMAINE TAYLOR, MCKINLEY TAYLOR,
JAMES AND IRISH PITTMAN, AND
AMERICAN BANKERS INSURANCE CO. OF FL.                              DEFENDANTS

**ORDER**

This cause is before the court on Defendant Quordiniall Pittman's Motion to Remand and on Plaintiff State Farm's Motion to Strike Defendant's Motion to Remand and Motion for Entry of Default , and the court, having considered applicable law and all matters submitted by the parties and made a part of the record in this case, does hereby find:

Quordiniall Pittman is the plaintiff, and Jermaine and McKinley Taylor[1] are two of the defendants in a tort action that has been pending in the Circuit Court of Jefferson Davis County, Mississippi since August 2, 2004.  This is a declaratory judgment action by which State Farm Fire and Casualty Company seeks determinations as to coverage and its duty to defend Jermaine and McKinley Taylor relative to a homeowners' insurance policy issued to McKinley and Wanda Taylor, Jermaine's parents, and in effect at the time of the events upon which the tort action is based.  When State Farm filed its complaint in this court on July 18, 2005, it had not been made a party in the underlying action.[2]

According to State Farm, this court has subject matter jurisdiction pursuant to 28 U.S.C. §

---

[1] McKinley Taylor was dismissed from the state court action by agreed order entered December 7, 2004.

[2] Pittman filed his motion to amend the complaint to name State Farm as a defendant on July 22, 2005.  An order allowing amendment was entered on July 29, and the amended complaint was filed on August 2.

1332. Quordiniall Pittman disagrees and bases his motion to remand on the contention that this court does not have subject matter jurisdiction because the parties are not completely diverse. Although this action was originally filed in this court–as opposed to arriving here by way of removal–and is therefore not properly the subject of a motion to remand,[3] Pittman has nonetheless raised the issue of jurisdiction by arguing that the exception stated in section 1332(c)(1) applies in this case to render State Farm a citizen of Mississippi. This court must address jurisdictional questions whenever they are raised and must even consider jurisdiction *sua sponte* if the parties do not raise the issue. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001).

For diversity purposes a corporation is deemed a citizen of the state by which it has been incorporated and of the state where it has its principal place of business

> except that in any direct action **against the insurer** of the policy or contract of liability insurance..., **to which action the insured is not joined as a party-defendant**, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1) (emphasis added). In this case State Farm, a citizen of Illinois, cannot also be considered a citizen of Mississippi. Not only was this action filed by State Farm, rather than against it, State Farm's insured is a party-defendant to the action. As a result, the 1332(c)(1) exception that would otherwise destroy diversity does not apply.

In addition to its motion to strike Pittman's motion to remand, State Farm seeks entry of default against him based on his failure to answer the complaint for declaratory judgment within

---

[3] *See generally* 28 U.S.C. § 1447 (referring to a motion to remand as a procedure after removal).

2

twenty days after service. Pittman was served on August 18, 2005, making his answer due on September 7. Although Pittman's answer was not filed until September 21, it was timely filed under the terms of the post-Katrina order entered by Chief Judge Henry T. Wingate extending the filing deadlines in any case pending in this court on or after August 29, 2005 until October 17, 2005.

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant Quordiniall Pittman's **Motion to Remand** [#3], should be, and it is hereby, **DENIED**;

IT IS FURTHER ORDERED AND ADJUDGED that **State Farm's Motion to Strike Defendant's Motion to Remand** [#5] is rendered moot;

IT IS FURTHER ORDERED AND ADJUDGED that **State Farm's Motion for Entry of Default** [#5] should be, and it is hereby, **DENIED**.

IT IS FURTHER ORDERED that within five days the parties shall notify Judge Roper of denial of the motion to remand in accord with applicable local rules.

SO ORDERED on this, the 19th day of April, 2006.


                                        *s/ Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE